UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

FRANK L. MARSH, JR.,

    Petitioner,

v.

WARDEN, NJSP, et al.,

    Respondents.

Civ. No. 19-15440 (FLW)

**MEMORANDUM AND ORDER**

    Petitioner, Frank L. Marsh, Jr. ("Petitioner"), a state prisoner currently incarcerated at New Jersey State Prison, in Trenton, New Jersey, seeks to bring, by way of counsel, a petition for writ of *habeas corpus* under 28 U.S.C. § 2254. (*See* ECF No. 1.) The Court previously administratively terminated the matter and provided Petitioner with 45 days in which to submit the $5.00 filing fee or an application to proceed *in forma pauperis*.[1] *See* ECF No. 2 (citing 28 U.S.C. §§ 1914(a), 1915(a); Rules Governing § 2254 Cases, Rule 2, 28 U.S.C.A. foll. § 2254). On February 26, 2020, Petitioner's counsel submitted the $5.00 filing fee and a letter stating that he did not receive the email notification administratively terminating this matter. ECF No. 3.

    The Court has screened the Petition for summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") and concluded that it does not "plainly appear[ ] from the petition and any attached exhibits that the petitioner is not entitled to relief …."

---

[1] Petitioner's counsel did not electronically file the Petition as required by L. Civ. R. 5.2 and the Electronic Case Filing Policies and Procedures. Nevertheless, pursuant to L. Civ. R. 5.1(f), the Clerk's Office marked the Petition "received" on July 12, 2019, and the date stamp generally constitutes the filing date for statute of limitations purposes. *See McDowell v, Delaware State Police*, 88 F.3d 188 (3d Cir. 1996).

Therefore, **IT IS**, on this 5th day of March 2020,

**ORDERED** that the Clerk of the Court shall mark this matter as **OPEN**; and it is further

**ORDERED** that the Clerk of the Court shall serve, pursuant to Rule 4 of the Habeas Rules, a Notice of Electronic Filing of this Order on the State of New Jersey, Department of Law & Public Safety, Division of Criminal Justice, Appellate Bureau ("the Bureau"), in accordance with the Memorandum of Understanding between this Court and the Bureau; and it is further

**ORDERED**, also in accordance with the Memorandum of Understanding, that if the Bureau intends to refer the action to a County Prosecutor's Office, the Bureau will use its best efforts to upload to CM/ECF a "referral letter" indicating the name of that office within fourteen (14) calendar days from the date of the Order to Answer; and it is further

**ORDERED** that, where the Petition appears to be untimely under the Antiterrorism and Effective Death Penalty Act of 1996, within forty-five (45) days of the date this Order is filed, Respondents may file a Motion to Dismiss the Petition on timeliness grounds only, provided that the motion: (1) attaches exhibits that evince all relevant state court filing dates; (2) contains legal argument discussing pertinent timeliness law; and (3) demonstrates that an Answer to the merits of the Petition is unnecessary; and it is further

**ORDERED** that, if a Motion to Dismiss is filed, Petitioner shall have thirty (30) days to file an opposition brief, in which Petitioner may argue any bases for statutory and/or equitable tolling, and to which Petitioner may attach any relevant exhibits; and it is further

**ORDERED** that, if Petitioner files an opposition, Respondents shall have ten (10) days to file a reply brief; and it is further

**ORDERED** that, if the Motion to Dismiss is subsequently denied, the Court will then direct Respondents to file a full and complete answer to all claims; and it is further

**ORDERED** that if Respondents do not file a Motion to Dismiss the Petition, they shall file a full and complete answer to all claims asserted in the Petition within forty-five (45) days of the entry of this Order; and it is further

**ORDERED** that Respondents' answer shall respond to each factual and legal allegation of the Petition, in accordance with Habeas Rule 5(b); and it is further

**ORDERED** that Respondents' answer shall address the merits of each claim raised in the Petition by citing to relevant <u>federal</u> law; and it is further

**ORDERED** that, in addition to addressing the merits of each claim, Respondents shall raise by way of its answer any appropriate defenses which they wish to have the Court consider, including, but not limited to, exhaustion and procedural default, and also including, with respect to the asserted defenses, relevant legal arguments with citations to appropriate federal legal authority; all non-jurisdictional affirmative defenses subject to waiver not raised in Respondents' answer or at the earliest practicable moment thereafter may be deemed waived; and it is further

**ORDERED** that Respondents' answer shall adhere to the requirements of Habeas Rule 5(c) and (d) in providing the relevant state court record of proceedings, including any pro se filings; and it is further

**ORDERED** that the answer shall contain an index of exhibits identifying each document from the relevant state court proceedings that is filed with the answer; and it is further

**ORDERED** that Respondents shall electronically file the answer, the exhibits, and the list of exhibits; and it is further

**ORDERED that all exhibits to the Answer must be identified by a descriptive name in the electronic filing entry, for example:**

**"Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX" or**

**"Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY"**; and it is further

**ORDERED** that Petitioner may file and serve a reply to the answer within forty-five (45) days after Respondents file the answer, see Habeas Rule 5(e); it is further

**ORDERED** that, within seven (7) days after any change in Petitioner's custody status, be it release or otherwise, Respondents shall electronically file a written notice of the same with the Clerk of the Court; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order on Petitioner by regular mail.

/s/ Freda L. Wolfson
FREDA L. WOLFSON
U.S. Chief District Judge